# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: NATIONAL ASSOCIATION FOR STOCK
    CAR RACING INC
    SERVE: CORPORATION SERVICE CO
    REG AGENT
    100 SHOCKOE SLIP, 2ND FL
    RICHMOND VA 23219

Case No. 760CL18000804-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, February 20, 2018

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:    KROL, MICHAEL R
                 804-271-1969

# EXHIBIT 1

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**BOBBY HARRIS, SR.,**
      **Plaintiff,**

v.                                 **Case No.:** _____

**GARY EDEM,**
**INTERNATIONAL SPEEDWAY CORP.,**
**MARTINSVILLE SPEEDWAY,**
**MARTINSVILLE INTERNATIONAL, INC.,**
      **and**
**NATIONAL ASSOCIATION FOR STOCK CAR RACING, INC.**
      **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, BOBBY HARRIS, SR., by counsel, and moves for judgment

and an award of execution against the Defendants, GARY EDEM, INTERNATIONAL

SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL,

INC. and NATIONAL ASSOCIATION FOR STOCK CAR RACING, INC. ("NASCAR"), on

the grounds and in the amount set forth below.

      1.      Defendants, MARTINSVILLE INTERNATIONAL, INC. and/or

MARTINSVILLE SPEEDWAY, own, operate, perform maintenance and upkeep, and oversee

events at a property located at 340 Speedway Road, Ridgeway, Virginia 24148, which is located

in Henry County, Virginia.

      2.      Defendants INTERNATIONAL SPEEDWAY CORP. and/or NASCAR own,

operate and/or maintain the property located at 340 Speedway Road, Ridgeway, Virginia 24148

(the "Speedway Property"), either directly or by and through their subsidiary MARTINSVILLE

INTERNATIONAL, INC. and/or MARTINSVILLE SPEEDWAY.

1

3.      Since before 2016 through the present time, Defendants INTERNATIONAL
SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL,
INC. and/or NASCAR organize, manage, and oversee two annual events in the NASCAR Cup
Series, one in March or April and another in October or November.

4.      Where not otherwise indicated in this Complaint, Defendants INTERNATIONAL
SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL,
INC. and/or NASCAR are directly liable and/or liable under theories of agency/principal,
master/servant and/or *respondent superior*.

5.      The capacity for spectators at the Speedway Property is presently, and was on
October 30, 2016, approximately 55,000.

6.      On October 30, 2016 the Plaintiff BOBBY HARRIS, SR. and Defendant GARY
EDEM were spectators at a NASCAR Cup Series event at the Speedway Property.

7.      The Plaintiff was, at all times relevant hereto, a business invitee on the Speedway
Property.

8.      On that same date and at all times relevant, a number of defects existed at the
Speedway Property, making entering and exiting the track area, and otherwise moving about the
Speedway Property outside of the track bleachers, in the area of the parking lot designated for
parking of individuals with handicaps and disabilities, dangerous to the health, safety and
welfare of the spectators, including the Plaintiff.

9.      On October 30, 2016, after the NASCAR Cup Series race, spectators exited the
stands to various parking areas on the Speedway Property, including a lot designated for the
parking of spectators with various handicaps and disabilities.

2

10. Sometime after the NASCAR Cup Series race concluded, at a time when drivers were being escorted from the track to a helipad in an area of the Speedway Property through an area of the parking lot designated for handicapped spectators, which area also served as an access point for media contact, Defendant GARY EDEM accelerated into a crowd of spectators, causing bodily injury to several of the spectators, including the Plaintiff.

## Count I: Negligence

11. Paragraphs 1 through 10 are incorporated into this Count I as if restated in full.

12. Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had actual and/or constructive knowledge of this inherently dangerous condition at the Speedway Property, and knew or should have known that a dangerous condition existed, and that the condition carried an unreasonable risk of harm to the spectators of the event that the Plaintiff was attending.

13. Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR knew or should have known that an injury such as the one sustained by Plaintiff was the natural and foreseeable consequence of such a hazardous condition.

14. Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had a duty to maintain its property, including the handicapped parking area, in a manner reasonably safe for Plaintiff's use as a business invitee; to design parking areas, including the handicapped parking area, which comports with reasonable safety standards; to design, plan, and execute events at the Speedway Property in a reasonably safe manner; to prudently consult with and involve legal

3

authorities, including police, in the process of planning and executing safe events; to design a parking scheme which adequately and reasonably protected the spectators, including those with disabilities; to implement a coordinated and comprehensive event plan which accounted for adequate protection of spectators; to manage the crowds of spectators in a reasonable manner which protected the safety of the spectators; to control the crowds in a reasonable manner which protected the safety of the spectators; to adequately and reasonably segregate spectators, race drivers, spectator drivers, media and others such that the foreseeable interaction did not lead to the development and aggravation of a dangerous condition; to locate various features of the Speedway Property, including the designated area for media access, helipad, and handicapped parking lot, in spaces which permitted for safe interaction; and to design and implement a crowd management and/or control plan which did not allow pedestrian traffic patterns to become congested and dangerous to the spectators.

15.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had a duty to design the Speedway Property in a manner which permitted the Defendants to take reasonable action once a hazardous condition developed, and to take actions which mitigated the hazardous condition after the condition developed.

16.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had a duty to warn the spectators and other business invitees on the Speedway Property of reasonably foreseeable hazards before any hazardous condition developed; to warn the spectators and other invitees of any condition which developed on the Speedway Property; and to inform the spectators and other invitees of how the spectators should react to the hazards in the exercise of due caution.

4

17.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE

SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR breached their duties

to the spectators, including the Plaintiff. Defendants INTERNATIONAL SPEEDWAY CORP.,

MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR

failed to maintain the Speedway Property, including the handicapped parking area, in a manner

reasonably safe for Plaintiff's use as a business invitee; designed parking areas, including the

handicapped parking area, inconsistent with reasonable safety standards, and in a manner which

failed to keep spectators reasonably safe; failed to design, plan, and execute the event on October

30, 2016 in a reasonably safe manner; failed to prudently consult with and involve legal

authorities, including police, in the process of planning and executing the event; designed a

parking scheme which failed to adequately and reasonably protect the spectators, such as the

Plaintiff; failed to adequately account for spectators with disabilities who would reasonably be

expected to park and traverse through the designated handicapped parking area; failed to

implement a coordinated and comprehensive event plan which accounted for adequate protection

of spectators; managed the crowds of spectators in a manner which exposed the spectators,

including those with disabilities, to unreasonable risk of injury or death; failed to control the

crowds in a reasonable manner which protected the safety of the spectators; failed to adequately

and reasonably segregate spectators, race drivers, spectator drivers, media and others such that

the foreseeable interaction led to the development and aggravation of a dangerous condition;

located various features of the Speedway Property, including the designated area for media

access, helipad, and handicapped parking lot, in spaces which caused, contributed to, and

aggravated the dangerous condition described herein; failed to design and implement adequate

crowd management and/or control plans, which caused pedestrian traffic patterns to become

5

congested and dangerous to spectators; and were otherwise negligent, grossly negligent, reckless, and/or willfully and wantonly negligent, which conduct evinced a conscious disregard for life, limb and property of others.

18.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR breached their duty to warn the spectators and other business invitees on the Speedway Property of reasonably foreseeable hazards before any hazardous condition developed; breached their duty to warn the spectators and other invitees of any condition which developed on the Speedway Property; and breached their duty in failing to inform the spectators and other invitees of how the spectators should react to the hazards in the exercise of due caution.

19.     As a direct and proximate consequence of these breaches of duty, Plaintiff suffered bodily injuries.

20.     That the injuries suffered by Plaintiff and other spectators were reasonably foreseeable to Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR and their agents.

21.     At the date, time and location described herein, Defendant GARY EDEM had a duty to operate his automobile with due regard and reasonable care for others in the parking area. Notwithstanding his duties, Defendant GARY EDEM negligently, recklessly, with gross negligence and/or with willful and wanton negligence operated his vehicle such that it struck the Plaintiff and other spectators with great force and violence. Defendant GARY EDEM was negligent, grossly negligent, reckless and/or was willfully and wantonly negligent in that he failed to keep a proper lookout for spectators, failed to maintain control of his automobile, operated his vehicle at an excessive rate of speed, accelerated into a crowd of spectators at a high

6

rate of speed, and/or was otherwise negligent, grossly negligent, reckless, and/or willfully and

wantonly negligent, which conduct evinced a conscious disregard for life, limb and property of

others.

22.     That as a direct and proximate result of Defendants', GARY EDEM's,

INTERNATIONAL SPEEDWAY CORP.'s, MARTINSVILLE SPEEDWAY's,

MARTINSVILLE INTERNATIONAL, INC.'s and NASCAR's, negligence, recklessness, gross

negligence, and/or willful and wanton negligence, combined and concurring, and under theories

of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to

sustain serious and permanent injuries; has incurred and will incur loss of income and/or earning

capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability

to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count II: Negligence *Per Se*

23.     Paragraphs 1 through 22 are incorporated into this Count II as if restated in full.

24.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE

SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had a duty under the

Virginia Uniform Statewide Building Code, including but not limited to § 302.3 and § 303.2, to

maintain all sidewalks, walkways and parking area in a proper state of repair, free from all

hazardous conditions and a duty under FAA AC 150/5390-2C § 304, § 308 and § 310 to design,

create and maintain a safe heliport site.

25.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE

SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR, in spite of these

duties under the Virginia Uniform Statewide Building Code, failed to maintain the walkways and

parking spaces free from hazardous conditions, which hazardous conditions were described in Count I of this Complaint. In addition to their failure to maintain the walkways and parking area, Defendants failed to warn the Plaintiff of this inherently dangerous condition and failed to make the Speedway Property reasonably safe for spectator and other pedestrian traffic.

26.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR, in spite of these duties under FAA AC 150/5390-2C § 304, § 308 and § 310, failed to design, create and maintain a safe heliport site.

27.     The injuries sustained by Plaintiff are of a type that the Virginia Uniform Statewide Building Code § 302.3 and § 303.2, and FAA AC 150/5390-2C § 304, § 308 and § 310, were created to prevent.

28.     Plaintiff, as a spectator to the event and as a pedestrian business invitee, is of the class of individuals that the Virginia Uniform Statewide Building Code § 302.3 and § 303.2, and FAA AC 150/5390-2C § 304, § 308 and § 310, were created to prevent.

29.     As a direct and proximate result of these violations of Virginia statutory, administrative and municipal law and industry standards, including but not limited to the Virginia Uniform Statewide Building Code § 302.3 and § 303.2, and FAA AC 150/5390-2C § 304, § 308 and § 310, the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR were negligent *per se*.

30.     That as a direct and proximate result of Defendants', INTERNATIONAL SPEEDWAY CORP.'s, MARTINSVILLE SPEEDWAY's, MARTINSVILLE INTERNATIONAL, INC.'s and NASCAR's, negligence *per se*, the Plaintiff was caused to

8

sustain serious and permanent injuries; has incurred and will incur loss of income and/or earning capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count III: Nuisance

31.     Paragraphs 1 through 29 are incorporated into this Count III as if restated in full.

32.     The Speedway Property containing the hazardous condition herein described is owned, operated, or maintained by the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR.

33.     The hazardous condition described herein is located on the Speedway Property, which is publicly accessible and open to the public, and Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR knew that the hazardous condition was publically accessible and open to the public.

34.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR had a duty to not create a nuisance, a duty not to permit a nuisance to come into existence, a duty not to maintain a nuisance, and a duty to abate any nuisance that arose.

35.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR, created a nuisance and which in and of itself put the public, including the Plaintiff, at risk of injury; maintained a nuisance when they knew or should have known of the high risk of danger to the spectators and

9

other members of the public; and failed to abate the nuisance prior to the incident herein described.

36.    Use of the property by the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR unreasonably and substantially endangered the health of the public and exposed them to risk of personal injury while in the parking area.

37.    That this hazardous condition endangered the public at all times and under all conditions for the duration of its existence.

38.    This hazardous condition, created by the Defendants' INTERNATIONAL SPEEDWAY CORP.'s, MARTINSVILLE SPEEDWAY's, MARTINSVILLE INTERNATIONAL, INC.'s and NASCAR's use or misuse of the property, continuously, substantially, and unreasonably endangered the public, and in doing so constituted a public nuisance.

39.    As a direct and proximate result of the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR creating a nuisance, maintaining the nuisance, and failing to abate the nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income and/or loss of earning capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

10

## Count IV: Breach of Warranty/Product Liability

40.    Paragraphs 1 through 38 are incorporated into this Count IV as if stated in their entirety.

41.    Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR sold, and the Plaintiff purchased for value, a license to observe an event at the Speedway Property and participate in all festivities surrounding the event.

42.    The area of the Speedway Property where this incident occurred and described in this Complaint was unreasonably dangerous to the Plaintiff and other spectators in their use of the license and of the Speedway Property for the purpose the license and the property were intended to be used. The unreasonably dangerous condition existed and was at all times relevant under the control of Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR.

43.    Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR designed, implemented, managed, and controlled all aspects of the event herein described, and this design, implementation and management was unreasonably dangerous to the Plaintiff and other spectators.

44.    The design, implementation and management was unreasonably dangerous in that the design of the parking areas, including the handicapped parking area, and of the event itself in the context of the entire scheme of the event, was inconsistent with reasonable and customary safety standards, failed to account for the safety needs of a major sporting event, and the

11

Speedway Property was designed, and the event was executed, in a manner which failed to keep spectators reasonably safe.

45. Serious injury and death of a large number spectators and other invitees on the Speedway Property was a foreseeable consequence of the unreasonably dangerous condition herein described.

46. To the extent any dangerous design, or implementation of the event herein described as a function of the design, existed, the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and/or NASCAR had a duty to adequately warn the Plaintiff and other spectators of the dangers associated with the use of the Speedway Property, and said Defendants failed to adequately warn the Plaintiff and other spectators of the dangers herein described.

47. As a direct and proximate result of the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR designing, implementing and managing the event which was unreasonably dangerous, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income and/or loss of earning capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count V: Willful and Wanton Conduct Against GARY EDEM

48. Paragraphs 1 through 46 are incorporated into this Count V as if stated in their entirety.

12

49. Defendant GARY EDEM made the conscious choice to operate his motor vehicle in a manner which evinced a conscious disregard for the life, limb and property of others which included disregarding other spectators in the area of the parking lot designated as handicapped, aware that the area of the parking lot where the incident occurred was designated as handicapped.

50. In the moments prior to the incident, Defendant GARY EDEM was attempting to drive through the parking lot to exit the Speedway Property. He was heard swearing and expressing frustration with the crowded conditions in the area of the parking lot he was in immediately prior to incident, and following these expressions of frustration, revving of his engine was heard and he ran into a crowd of spectators, striking the Plaintiff's person and several other spectators.

51. As a direct and proximate result of the Defendant GARY EDEM's willful and wanton negligence, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income and/or loss of earning capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count VI: Willful and Wanton Conduct Against INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC., AND NASCAR

52. Paragraphs 1 through 50 are incorporated into this Count VI as if restated in their entirety.

13

53.     As described heretofore in this Complaint, several features of the Speedway Property, including the designated area for media access, helipad, and parking lot designated for handicapped spectators, were located in the same confined and fenced space, with insufficient ingress and egress to the remaining parking area and roadways located inside and outside of the Speedway Property. This space was not only used as a parking area for handicapped spectators, but also as the path which race drivers would enter and leave the track from and to the helipad, and also as the area in which the media interacted with the drivers, and in or near the area designated for the media to park, camp and cover the race.

54.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR knew or should have known of the hazards posed by the condition herein described; knew or should have known that the area designated for the vehicles of handicapped spectators was designed in such a way that a hazardous condition was created and maintained; knew that the condition existed in an area where large numbers of disabled and/or handicapped spectators were likely or certain to congregate or otherwise be located; knew that the event which took place on October 30, 2016 would draw a large number of spectators and media; knew that large numbers of spectators, including disabled and/or handicapped spectators, as well as the media, would attempt to interact in the space, exacerbating the danger of an already dangerous space; and knew or should have known that, over the run of major events like the one on October 30, 2016, a situation would unfold where a large number of spectators would be exposed to conditions which would greatly endanger their health and lives.

55.     Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR knew or should have

14

known that the hazardous condition located in the area of the Speedway Property designated for handicapped vehicles was such that scores or hundreds of spectators would likely be seriously injured or killed in an incident like the one described in this Complaint.

56.     The Defendants, INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR acted with willful and wanton negligence in that they each undertook their conduct in conscious disregard of the rights and safety of others, or with reckless indifference to the consequences of which the Defendants were aware, from their knowledge of the existing circumstances and conditions, and that their conduct would probably cause injury or death to a potentially large number of spectators and/or other members of the public.

57.     The facts alleged in this Complaint illustrate that Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR engaged in similar reprehensible conduct in the past.

58.     As a direct and proximate result of the Defendants INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE SPEEDWAY, MARTINSVILLE INTERNATIONAL, INC. and NASCAR willfully and wantonly designing, implementing and managing the event which was unreasonably dangerous, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income and/or loss of earning capacity; has suffered and will continue to suffer pain of body and mind; and has had his ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in the sum of FIFTEEN MILLION DOLLARS $15,000,000.00) for compensatory damages, TWO MILLION, FIVE HUNDRED THOUSAND DOLLARS $2,500,000.00 for punitive damages,

15

his costs expended in this action and prejudgment interest from the date of injury, jointly and severally, and/or under the theory of *respondent superior*, master/servant, vicarious liability and/or agency principles.

**TRIAL BY JURY IS DEMANDED.**

Respectfully,
BOBBY HARRIS, SR.,

BY:_____
Counsel

Emmet D. Alexander, Esquire (VSB No. 41248)
Michael R. Krol, Esquire (VSB No. 80584)
Alexander Law Group, PLC
6601 Irongate Square, Suite A
Richmond, Virginia 23234
☎ 804-271-1969
🖷 804-271-0806
michael@alexanderlawgroupplc.com

16