CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 07 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BOBBY HARRIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00053 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| GARY EDEM, INTERNATIONAL SPEEDWAY CORP., MARTINSVILLE INTERNATIONAL, INC., NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., and STATE FARM AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) | By: Hon. Jackson L. Kiser  Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Bobby Harris, Sr.'s Motion to Remand [ECF No. 17] and Defendant Gary Edem's Motion to Dismiss [ECF No. 22]. Both motions were fully briefed by the parties, and I heard oral arguments on the motions on January 10, 2019. I have reviewed the relevant records, arguments of the parties, and applicable law. For the reasons stated herein, I will grant the motion to remand. Because that ruling divests the court of jurisdiction, Edem's Motion to Dismiss will be denied as moot.

**I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

The parties, for the purposes of the Motion to Remand, do not contest the factual allegations in the Complaint. On October 30, 2016, Plaintiff Bobby Harris, Sr. ("Plaintiff") was attending a NASCAR[1] Cup Series auto-racing event at the Martinsville Speedway in Martinsville, Virginia. (Compl. ¶ 6 [ECF No. 1-1].) While leaving that event, Plaintiff was struck by a car allegedly driven by Defendant Gary Edem ("Edem"), resulting is serious bodily injury. (Id. ¶ 10.)

---

[1] Defendant National Association for Stock Car Auto Racing, Inc. ("NASCAR").

Since the accident, Edem has filed for and received a bankruptcy discharge in the United States Bankruptcy Court for the Eastern District of Virginia. See In re: Gary Thomas Edem, No. 18-11670-KHK (Bankr. E.D. Va. Aug. 15, 2018) [ECF No. 1-6]. His insurance company has also apparently interpled all relevant insurance policy proceeds with the Henry County Circuit Court in Virginia.[2] Because of this, Defendants maintain, Edem faces no direct financial liability as a result of this suit.

Plaintiff originally brought suit in the Richmond City Circuit Court on February 15, 2018, and the case was transferred, on Edem's motion, to the Henry County Circuit Court on June 29. [ECF No. 1-5.] Thereafter, Defendants International Speedway Corporation ("ISC"), Martinsville International, Inc. ("MI"), and NASCAR filed a Notice of Removal, contending that diversity of citizenship granted this Court jurisdiction pursuant to 28 U.S.C. § 1332. Although both Plaintiff and Edem are residents of Virginia, ISC, MI, and NASCAR contend that he is a nominal party by virtue of his bankruptcy discharge, and thus his citizenship can be ignored for purposes of establishing jurisdiction. (See Not. Of Removal ¶ 15, Sept. 6, 2018 [ECF No. 1].) Plaintiff filed a Motion to Remand [ECF No. 17], arguing that he is not a nominal party for the jurisdictional analysis. Edem also filed a Motion to Dismiss [ECF No. 22], contending that the bankruptcy discharge required his dismissal from this action. Both motions were fully briefed by the parties, and I heard oral arguments on both motions on January 10. I have reviewed the pleadings, relevant evidence, and applicable law, making the matter ripe for disposition.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if the action is one over which the district court would have had original jurisdiction. "Because removal

---

[2] Martinsville Speedway is located in Henry County.

jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

### III. DISCUSSION

This case presents a discrete issue: Does a defendant, who has received a discharge in bankruptcy, become a nominal party for purposes of the jurisdictional requirement found in 28 U.S.C. §§ 1332(a) and 1441(b)(1)? The answer is no.

A party may remove an action from state court to federal court if there is diversity between the parties, and if the amount in controversy exceeds $75,000.00. See 28 U.S.C. §§ 1332(a)(1), 1441(a) (2018). When examining the citizenship of the parties, courts are obligated to "disregard" parties with no interest in the litigation, and "rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).

In the present case, both Plaintiff and Defendant Edem are citizens of Virginia. Defendants maintain that, by virtue of his bankruptcy discharge and the fact that his insurance carrier has interpled Edem's policy limits in state court, Gary Edem is a "nominal" party whose citizenship may be ignored for purposes of determining jurisdiction. See, e.g., Jackson v. E-Z-GO Division of Textron, Inc., No. 3:12-cv-154-H, 2012 WL 2562830, at *1–2 (W.D. Ky. June 29, 2012). Essentially Defendants argue that, because Edem's insurance proceeds have been interpled and his personal funds are under the control of the bankruptcy trustee, he faces no direct financial liability and is therefore a nominal party. Plaintiff disagrees, arguing that, because he is required by law to sue Edem personally to recover any insurance proceeds, Edem is not "nominal" and his citizenship

cannot be ignored. Plaintiff also argues that obtaining a judgment against Edem is helpful, if not necessary, to proving his claim against Edem's bankruptcy estate.

Plaintiffs have the better argument. First, of those courts that have addressed this issue, they are virtually unanimous that a bankrupt defendant is not "nominal" for purposes of diversity jurisdiction. See Tyree v. Kanawha Energy Co., LLC, No. 2:18-cv-01200, 2018 WL 4781253, at *2 (S.D.W. Va. Oct. 3, 2018); City of Carlsbad v. I&W, Inc., No. 12-080 BB-CG, 2012 WL 12931286, at *6 (D.N.M. May 15, 2012); Monroe v. Continental Tire The Americas, LLC, 807 F. Supp. 2d 1129, 1132–34 (M.D. Fl. 2011); Stewart v. Jennings, No. 1:10-cv-158, 2010 WL 3009536, at *3 (E.D. Tenn. July 28, 2010); Schuchmann v. Miraglia, No. 3:04-cv-1057-B, 2004 WL 2626532, at *2 (N.D. Tx. Nov. 16, 2004). But see Jackson, 2012 WL 2562830, at *1–2. Like those cases, Virginia law requires Plaintiff to sue Edem personally in order to recover insurance proceeds. See Va. Code Ann. § 8.01-5(B) (2018). Because the law of Virginia, which governs this action, see Traveler's Ins. Co. v. Riggs, 671 F.2d 810, 814 (4th Cir. 1982), requires that Edem be sued, he is not a nominal party.

Defendants maintain that a judgment is not required to make a claim to the insurance proceeds in the interpleader action or to prove a claim before the bankruptcy court. While this may be an appealing argument where liability is not contested, the unworkability of this argument is easily illustrated. Imagine that, in this action, a jury determines that Edem is not liable for Plaintiff's damages. Such an outcome is not beyond the realm of possibility; Virginia is a contributory negligence state. See, e.g., Ponirakis v. Choi, 546 S.E.2d 707, 710 (Va. 2001). Without knowing the facts of this specific case, if a jury determines that Plaintiff was somehow negligent, and if they determine Plaintiff's negligence contributed in any way to the accident, the law of Virginia requires judgment for Edem. Defendants contended at the hearings on these

motions that such a verdict would not matter in either the bankruptcy or interpleader proceedings, but I am not persuaded that is correct. No reasonable bankruptcy trustee would permit a claim to go forward, unquestioned, in the face of a jury verdict declaring that no such claim exists under the law. By the same token, regardless of what the judge in the interpleader action may determine, it would likely be malpractice for the attorneys for other claimants not to at least protest against a recovery of the interpled funds by Plaintiff if a jury finds that Edem is not liable under the applicable law. Regardless of what argument they raise in this action, I have no trouble concluding that a verdict against Edem is vital to protecting Plaintiff's interests, Edem is a "real party to [this] controversy," Lincoln Prop. Co. v. Roche, 546 U.S. 81, 91–92 (2005), and he is not a nominal party for jurisdictional purposes. Accord Tyree, 2018 WL 4781253, at *2 (holding that a bankrupt party had an "'immediately apparent stake' despite who ultimately pays the bill because it was their allegedly tortious conduct that caused the plaintiff's harm and because it is their goodwill at risk . . . .").

More fundamentally, though, Defendants' arguments taken to their logical conclusion reveal how extreme their position truly is. Defendants argue that, because Edem's personal funds are held by the bankruptcy trustee and the insurance proceeds are held by the circuit court, he faces no actual financial liability in this action. These two facts, Defendants argue, make him a nominal party. To put this argument in its honest terms, Defendants argue that a judgment-proof defendant's citizenship may be ignored for jurisdictional purposes. That is not the law, and I decline to hold as such in this action. Edem is not a nominal party, and his inclusion as a defendant divests this court of jurisdiction.

## IV. CONCLUSION

Because Edem has a very real stake in this litigation, he is not a nominal party. Therefore, there is not complete diversity among the parties, this court lacks jurisdiction over this action, and this action must be remanded to the Henry County Circuit Court.[3]

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 7th day of February, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Although it has no bearing on my ruling, this outcome has the virtue of practicality, as the Henry County Circuit Court has jurisdiction over the interpleader action. In the interests of judicial economy, it makes sense for the same court to handle the various iterations of this case.